UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS BURGESS,

    Petitioner,

v.                                                      Case No. 5:18cv74-MCR-CJK

WARDEN, FCI Marianna,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is Thomas Burgess's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, with incorporated memorandum and exhibits. (Doc. 1). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the petition, the undersigned concludes it should be dismissed for lack of jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently confined at the Federal Correctional Institution in Marianna, Florida, serving a sentence imposed by the United States District Court for the Southern District of Florida in *United States v. Burgess*, Case No. 9:11cr80012. (Doc. 1, p. 1). In Case No. 9:11cr80012, petitioner was convicted, pursuant to his guilty plea, of possession with intent to distribute 50 grams or more

of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Doc. 1, Mem., p. 2). On July 13, 2011, he was sentenced to 125 months' imprisonment. (Doc. 1, p. 1). Petitioner did not appeal the criminal judgment. Petitioner, however, later moved to vacate the sentence under 28 U.S.C. § 2255. (Doc. 1, p. 2 and Mem.). The motion was denied; on appeal, the Eleventh Circuit vacated the judgment denying § 2255 relief and remanded the case to allow the district court to consider claims it failed to address. *See Burgess v. United States*, 609 F. App'x 627 (11th Cir. 2015). On remand, the remaining claims were denied. *Burgess v. United States*, No. 9:12cv80340-KLR, 2016 WL 1624010 (S.D. Fla. Jan. 19, 2016), *Report and Recommendation adopted*, 2016 WL 1583829 (S.D. Fla. Feb. 18, 2016). Both the district court and the Eleventh Circuit denied a certificate of appealability. In this habeas action, petitioner again seeks to challenge the July 2011 sentence, asserting that his criminal history points were incorrectly calculated under the Sentencing Guidelines because the court improperly considered a traffic stop an "intervening arrest" under U.S.S.G. § 4A1.2(a)(2). (Doc. 1).

## DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) ("Since 1948, Congress has required that a federal prisoner

file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id*. § 2241, to collaterally attack the legality of his sentence."). "A motion to vacate allows a prisoner to contest his sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *McCarthan*, 851 F.3d at 1081 (*quoting* 28 U.S.C. § 2255(a)). The "saving clause" of § 2255 permits a federal prisoner to file a habeas petition under 28 U.S.C. § 2241 if he establishes the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see also McCarthan*, 851 F.3d at 1081. Petitioner argues he satisfies the requirements of the § 2255(e) saving clause and is entitled to bring his claim under § 2241 because his claim relies on a retroactively applicable Eleventh Circuit decision, namely, *United States v. Wright*, 862 F. 3d 1265 (11th Cir. 2017).[1]

In *McCarthan*, the Eleventh Circuit overruled prior circuit precedent and established a new test for determining when a prisoner can proceed under § 2241. 851 F.3d at 1082. The court held: "A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular

---

[1] In *Wright*, the Eleventh Circuit held that a traffic citation was not an "arrest" under § 4A1.2(a)(2) of the Sentencing Guidelines. 862 F.3d at 1282-1284.

Case No. 5:18cv74-MCR-CJK

kind of claim." *McCarthan*, 851 F.3d at 1099; *see also id*. at 1089 ("When a prisoner's motion attacks his sentence based on a cognizable claim that can be brought in the correct venue, the remedy by motion is adequate and effective to test his claim."). The new *McCarthan* test has been summarized as follows:

> [W]e determined [in *McCarthan*] that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, 686 F. App'x 730, 730 (11th Cir. 2017) (*citing McCarthan*, 851 F.3d at 1085-93), *cert. denied*, No. 17-5686, — S. Ct. —, 2018 WL 1037602 (Feb. 26, 2018).

Petitioner does not satisfy the *McCarthan* test for proceeding under the saving clause. The claim that petitioner's criminal history points were improperly calculated is exactly the kind of claim a motion to vacate is designed to remedy. *See* 28 U.S.C. § 2255(a) (a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set

Case No. 5:18cv74-MCR-CJK

aside or correct the sentence"). In fact, petitioner admits he raised this claim in the § 2255 motion he filed; the motion asserted counsel provided ineffective assistance by failing to object to how the presentence investigation report calculated his prior criminal history points and criminal history category. (Doc. 1, Mem., pp. 3-4).

Because petitioner's § 2241 claim is a traditional claim attacking his sentence that can be brought in a motion to vacate, the remedy by motion under § 2255 is adequate and effective to test the legality of his detention. The fact that binding precedent did not favor his claim during his § 2255 proceeding does not render that remedy inadequate or ineffective. *See McCarthan*, 851 F.3d at 1080 ("[A] change in caselaw does not make a motion to vacate a prisoner's sentence inadequate or ineffective to test the legality of [her] detention."); *see also id.* at 1099 ("Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court."). Petitioner's failure to satisfy the saving clause requires dismissal of this case.[2]

---

[2] This is now the third § 2241 proceeding petitioner has filed in this court attacking his sentence. Petitioner's first petition was filed on April 20, 2016. *See Burgess v. Warden, FCI Marianna*, Case No. 5:16cv121-WTH-CJK. Petitioner's second petition was filed on March 9, 2017. *See Burgess v. Warden, FCI Marianna*, Case No. 5:17cv72-MCR-CJK. The second case was consolidated into the first, and the cases were dismissed for lack of jurisdiction on June 26, 2017, upon this court concluding petitioner failed to satisfy the saving clause. Petitioner was denied leave to appeal *in forma pauperis* based on the Eleventh Circuit's finding that the appeal frivolous. *See Burgess v. Warden, FCI Marianna*, Appeal No. 17-13027-A. Petitioner's appeal was dismissed on February 16, 2018, for his failure to pay the appellate filing fee.

Case No. 5:18cv74-MCR-CJK

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 4th day of April, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.